UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ATLANTIC CONSTRUCTION FABRICS, INC., a Virginia corporation; and GEORGE E. LOGUE, JR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>METROCHEM, INC., a Washington corporation; SPIDER ENVIRONMENTAL, INC., a Washington corporation; RONI R. SASAKI; and DEREK A. SASAKI,<br><br>Defendants. | CASE NO. C03-5645BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO LIFT STAY AND ENTER AMENDED SCHEDULING ORDER, DENYING DEFENDANTS' MOTION TO STRIKE, AND DENYING DEFENDANTS' MOTION TO FILE SUBSTANTIVE SURREPLY |

This matter comes before the Court on Plaintiffs' Motion to Lift Stay and Enter Amended Scheduling Order (Dkt. 74), Defendants' motions to strike contained in their Surreply (Dkt. 78), and Defendants' Motion for Leave to File Substantive Surreply (Dkt. 79). The Court has considered the pleadings filed in support of and opposition to the motions and the remainder of the file herein and hereby denies the motions for the following reasons.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their complaint in this matter on May 5, 2003 in the Western District of Virginia alleging patent infringement and breach of contract. Dkt. 26-3. On November 21, 2003,

ORDER – 1

the case was transferred to the Western District of Washington. Dkt. 26. On December 18, 2003, Plaintiffs filed their Amended Complaint again alleging patent infringement and breach of contract. Dkt. 38.  The case was allowed to progress for over a year until a joint stipulation was filed requesting the proceedings be stayed until the United States Patent and Trademark Office (USPTO) could complete a reexamination of U.S. Patent No. 5,575,925. Dkt. 62.  The Court entered an order staying the proceedings on April 14, 2005. Dkt. 64.

On May 5, 2006, Plaintiffs submitted their first motion to lift the stay on the basis that the USPTO had confirmed the patentability of the claims in U.S. Patent No. 5,575,925. Dkt. 66.  The Court denied this motion in an order dated May 26, 2006 and maintained the stay, relying on Defendants' assertion that they had submitted new evidence to the USPTO and that based on this new evidence, the reexamination proceedings would continue. Dkt. 69.  The earlier reexamination and the reexamination based on the new evidence submitted by Defendants have recently been merged, but no final determination has been made by the USPTO. Dkt. 75 at 6. On September 10, 2007, Plaintiffs filed their second motion to lift the stay and enter an amended scheduling order setting a new trial date.

## II. MOTION TO STRIKE AND TO FILE SUBSTANTIVE SURREPLY

Defendants seek to strike certain sections of Plaintiffs' reply on the basis that they present arguments not contained in the motion. Dkt. 78.  The Court finds that the Motion to Lift Stay does support the arguments contained in the reply, and to any extent that it does not, those arguments have not been considered by the Court.

With respect to Defendants' Motion for Leave to File Substantive Surreply (Dkt. 79)**,** Local Rule CR 7 does not provide for this type of filing and therefore it should not be allowed. A surreply is to be "strictly limited to addressing the request to strike." Local Rule CR 7(g)(2).

## III. DISCUSSION

"The decision whether to grant or deny a motion to stay proceedings pending [US]PTO reexamination rests within the sound discretion of the court." *Sorensen v. Black and Decker Corp.,* 2007 WL 2696590 at 3 (S.D. Cal. 2007).  Congress instituted the reexamination process

to utilize the USPTO's specialized expertise to reduce costly and time-consuming litigation. *Canady v. Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 78 (D.D.C. 2002). For this reason courts have established "a 'liberal policy' in favor of granting motions to stay pending the outcome of [US]PTO reexamination proceedings." *Sorensen,* 2007 WL 2696590 at 3.

While the decision to grant or deny a motion to stay is left up to the court's discretion, three factors have been enumerated that a court can consider when exercising its discretion. Those factors are:

> (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case.

*Id.* It is significant to note that these issues are raised in a motion to lift a stay that has been in place for over two years. Despite the procedural posture in the instant matter, the Court will examine the following factors in determining whether to lift the stay.

### 1. Stage of Litigation

As noted above, this case has been stayed with no set trial date since April 14, 2005. However, before the stay was instituted, the case was allowed to proceed toward trial. A trial date was set (Dkt. 48), discovery was commenced, an order defining disputed terms in the subject patent was issued (Dkt. 60), and then a stay was entered pursuant to a stipulated motion (Dkt. 64). The Court recognizes the strong interest in proceeding toward a resolution in this matter but it cannot disregard the fact that the case is currently stayed. There is no trial date set at this time and no substantive events have occurred since the institution of the stay other than Plaintiffs' first, and now second, motion to lift the stay. For these reasons, the current stage of litigation weighs in favor of maintaining the stay and denial of the motion.

### 2. Prejudice to the Nonmoving Party

The prejudice to the nonmoving party would refer here to Plaintiffs, the parties seeking to have the stay lifted. Plaintiffs state that

> For this Court to stay this litigation pending final resolution of Defendants' latest reexamination proceedings would keep this action and the parties on hold potentially for years to come. During that time, Plaintiffs would be deprived of

ORDER – 3

>their patent and contractual rights, and their business will be placed in jeopardy by the unlicenced, unauthorized practice by Defendants.

(Dkt. 77 at 2). The case was initially stayed in April of 2005 and it is now October 2007. The case was filed in 2003, and while the stay is in place, Plaintiffs will be unable to pursue a remedy for the alleged harms they are suffering. Plaintiffs are prejudiced by maintaining the stay in this matter, and this factor weighs in favor of lifting the stay and proceeding toward resolution.

### 3. Simplification of Issues

There are many complex issues present in the current case that could be simplified if the USPTO is allowed to make a final determination of the patentability of the claims in U.S. Patent No. 5,575,925. Count one of the Amended Complaint is solely for patent infringement. If the reexamination proceedings are allowed to continue to a final determination, it could potentially eliminate trial over patent infringement altogether if the patent's claims are canceled, or the issues could be significantly narrowed if the patent is upheld. The USPTO has technical expertise in determining the validity of a patent, and it is in the interest of judicial economy to allow it to do so.

"However, a court is under no obligation to delay its own proceedings by yielding to ongoing [US]PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.,* 2007 WL 1655625 (N.D. Cal. 2007). Furthermore, Plaintiffs contend that any decision rendered by the USPTO will have no affect on its breach of contract claims. (Dkt. 77 at 4). While noting these issues, the Court recognizes Congress' intent of utilizing the USPTO's specialized expertise to reduce costly and time-consuming litigation, especially with regard to the instant patent infringement claim, and finds that this factor weighs in favor of maintaining the stay.

### IV. CONCLUSION

When weighing the factors of the stage of litigation, the prejudice to the nonmoving party, and the effect of reexamination on the simplification of the issues at trial, the Court finds that the stay should remain in place for the time being. The Court recognizes the prejudice that Plaintiffs are being subjected to as a result of the duration of the stay due to multiple

ORDER – 4

reexamination proceedings that have yet to reach a conclusion. There will come a time when the prejudice due to delay will become so significant that it will tip the scales in favor of lifting the stay, allowing this matter to proceed toward resolution, but that time is not presently upon us. If the USPTO has not made a final determination of the patentability of the claims in U.S. Patent No. 5,575,925 by July 1, 2008, the Court will reconsider lifting the stay if such a motion is made. Furthermore, if the USPTO reexamination proceedings reach a point where it appears that a lift of the stay would be appropriate, the Court will consider such action upon a motion for the same.

## V. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Lift Stay and Enter Amended Scheduling Order (Dkt. 74) is **DENIED**. Defendants' motions to strike (Dkt. 78) are **DENIED.** Defendants' Motion for Leave to File Substantive Surreply is **DENIED.**

DATED this 9th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5