UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ATLANTIC CONSTRUCTION FABRICS, INC., et al.,

    Plaintiffs,

v.

METROCHEM, INC., et al.,

    Defendants.

CASE NO. C03-5645BHS

ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY AND ENTER AMENDED SCHEDULING ORDER

This matter comes before the Court on Plaintiffs' Motion to Lift Stay and Enter Amended Scheduling Order (Dkt. 84). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

Plaintiffs instituted this action in the United States District Court for the Western District of Virginia, Harrisonburg Division, for patent infringement and breach of a settlement agreement arising out of previous litigation. Dkt. 84. On November 17, 2003, the action was transferred to this district and subsequently assigned to the Honorable Franklin D. Burgess. Dkt. 26.

ORDER - 1

1    On December 18, 2003, Plaintiffs Atlantic Construction Fabrics, Inc., and George E. Logue, Jr. filed an Amended Complaint alleging patent infringement and breach of contract against Defendants Metrochem, Inc., Spider Environmental, Inc., Roni R. Sasaki, and Derek A. Sasaki. Dkt. 38.

On April 14, 2005, the Court issued an Order For Stay of Proceedings Pending Resolution of Reexamination of U.S. Patent No. 5,575,925 in the Patent and Trademark Office. Dkt. 64.

On August 1, 2007, the action was reassigned to the undersigned. Dkt. 82.

On July 17, 2008, Plaintiffs filed a Motion to Lift Stay and Enter Amended Scheduling Order. Dkt. 84. On July 28, 2008, Defendants responded. Dkt. 85. On August 1, 2008, Plaintiffs replied. Dkt. 85.

## II. DISCUSSION

It is uncontested that the U.S. Patent and Trademark Office will soon issue the reexamination certificate for Patent No. 5,575925. Dkt. 84 at 2-3; Dkt. 85 at 1. It is also uncontested that this is sufficient reason to lift the stay in this matter. The parties, however, do contest whether a new scheduling order should be issued by the Court. Plaintiffs claim that the matter should proceed to trial. Dkt. 91 at 1-2. Defendants argue that their pending summary judgment motion will resolve all of the issues in this matter and, therefore, the Court should not enter a scheduling order. Dkt. 85 at 1-2. While Defendants' optimism is appreciated, Plaintiffs have a right to a trial date and Defendants have not provided authority for the proposition that the Court should delay setting that trial date because of a pending summary judgment motion.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Lift Stay and Enter Amended Scheduling Order (Dkt. 84) is **GRANTED**. The parties are **ORDERED** to confer and provide the

ORDER - 2

Court with a combined Joint Status Report and Supplemental Discovery Plan no later than September 12, 2008.

DATED this 14th day of August, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3