UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ATLANTIC CONSTRUCTION FABRICS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> METROCHEM, INC., et al., <br><br> Defendants. | CASE NO. C03-5645BHS <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 87). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

Plaintiffs initiated this action in the United States District Court for the Western District of Virginia, Harrisonburg Division, for patent infringement and breach of a prior settlement agreement. Dkt. 84. On November 17, 2003, the action was transferred to this district and subsequently assigned to the Honorable Franklin D. Burgess. Dkt. 26. On August 1, 2007, the action was reassigned to the undersigned. Dkt. 82.

On December 18, 2003, Plaintiffs Atlantic Construction Fabrics, Inc. and George E. Logue, Jr. filed an Amended Complaint alleging patent infringement and breach of

ORDER - 1

1 | contract against Defendants MetroChem, Inc., Spider Environmental, Inc., Roni R. Sasaki, and Derek A. Sasaki. Dkt. 38 ("Amended Complaint").

On April 14, 2005, the Court issued an Order For Stay of Proceedings Pending Resolution of Reexamination of U.S. Patent No. 5,575,925 (the "'925 Patent") in the U.S. Patent and Trademark Office. Dkt. 64.

On July 17, 2008, Plaintiff Atlantic Construction moved the Court to lift the stay and enter an amended scheduling order because Plaintiff claimed that the U.S. Patent and Trademark Office would soon issue a reexamination certificate for the '925 Patent. Dkt. 84. On August 14, 2008, the Court granted Plaintiff's motion and lifted the stay. On August 26, 2008, the patent office issued the reexamination certificate. *See* Dkt. 101 at 14-15 ("Reexamination Certificate").

On July 28, 2008, Defendants filed a Motion for Summary Judgment. Dkt. 87. On August 25, 2008, Plaintiff Atlantic Construction Fabrics responded. Dkt. 99. On August 29, 2008, Defendant replied. Dkt. 101.

## II. FACTUAL BACKGROUND

In 1999, Plaintiffs filed an action against Defendant MetroChem alleging that Defendant's product, the Drain Diaper, infringed Plaintiffs' '925 Patent. Amended Complaint, ¶ 11. The parties ended that proceeding by entering into a settlement agreement. Dkt. 89, Declaration of Matthew C. Phillips ("Phillips Decl."), Exh. G. The agreement provides, in relevant part, as follows:

> [MetroChem] will not hereafter for the life of the ['925 Patent], manufacture, use, or sell any product covered by one or more of the valid claims of the Patent. "Valid Claims," as used herein, means all claims of the Patent except those which have been held, in a final order from which no appeal is available or timely taken, (a) by the United States Patent & Trademark Office to be unpatentable or (b) by a court of competent jurisdiction to be invalid or unenforceable.

*Id*. ¶ 3(A).

In the present action, Plaintiffs allege that Defendants' product, the Drain Web, infringes claims 10 and 11 of Plaintiffs' '925 Patent. Amended Complaint, ¶¶ 21-22.

Plaintiffs claim that Defendants sought reexamination of the '925 patent based on prior art. *See* Dkt. 99 at 3. The patent office granted an ex parte reexamination. *See* Phillips Decl., Exh. A.

It is uncontested that the patent examiner initially rejected claims 10 and 11 of the '925 patent. *Id*. at 2. It is also uncontested that Plaintiffs subsequently amended claim 10 of the patent, which currently provides as follows:

> 10. A method of installing a catch basin filter in a catch basin, the catch basin comprising:
> an inlet through which water and solids flow into the catch basin, an outlet through which water flows out of the catch basin, wherein the inlet is positioned above the outlet, and a plurality of basin sidewalls, each sidewall having an upper end at the inlet and a recess located at the upper end, the sidewalls defining a chamber, the grate located on the top of the basin inlet and having grate sides positioned in the recesses, and the filter comprising:
> a filter bag having an open top, a closed bottom and one or more sidewalls extending between the top and the bottom of the bag; and
> a flap joining the top of each sidewall, said method comprising the steps of:
> *preforming the filter bag by joining sidewall portions together*;
> placing the filter bag in the catch basin so that each of the bag sidewalls are adjacent to the catch basin sidewalls and the filter bag open top is positioned above the filter bag closed bottom;
> placing each of the filter bag flaps into the recess of the upper end of the catch basin; and
> sandwiching each of the filter bag flaps between the top of the basin and the grate sides, thereby holding the bag in place.

Reexamination Certificate, col. 1, ln. 24 to col. 2, ln. 25 (emphasis in original and indicates reexamination amendment). The parties do, however, dispute the reason for and consequences of that amendment. *See* Dkts. 87 at 4-5 and 99 at 3-5.

### III. DISCUSSION

Defendants request that the Court grant summary judgment as follows:

> (1) That none of Defendants' activities before the date of the reexamination certificate have or will infringe the '925 Patent;
> (2) That Defendants have absolute intervening rights to sell all Drain Web products in inventory as of the date of the reexamination certificate, free of any liability whatsoever to Plaintiffs;
> (3) MetroChem did not breach the Settlement Agreement; and
> (4) That all Plaintiffs' claims are dismissed with prejudice.

Dkt. 87 at 13.

ORDER - 3

## A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   Patent Law Issues**

35 U.S.C. § 307 provides, in part, as follows:

> Any proposed amended or new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 of this title for reissued patents on the right of any person who made, purchased, or used within the United States, or imported into the United States, anything patented by such proposed amended or new claim, or who made substantial preparation for the same, prior to issuance of a certificate under the provisions of subsection (a) of this section.

35 U.S.C. § 307(b).  Section 252 provides as follows:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are *substantially identical*, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are *substantially identical* with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

35 U.S.C. § 252 (emphasis added).

"The effect of a reexamined patent during the period before issuance of the reexamination certificate is governed by 35 U.S.C. § 307(b), which provides that the rules established in § 252 for reissued patents shall apply to reexamined patents." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997).  Moreover, "the making of substantive changes in the claims is treated as an irrebuttable presumption that the original claims were materially flawed. Thus the statute relieves those who may have infringed the original claims from liability during the period before the claims are validated." *Id*.

Plaintiffs have alleged that Defendants have infringed claims 10 and 11 of their '925 Patent.  Because claim 11 is dependant upon claim 10, the only amendment in question is the addition to claim 10 of the phrase "preforming the filter bag by joining sidewall portions together."  The parties dispute whether this amendment was a substantive change altering the scope of the asserted claim.  "[I]n determining whether

1 substantive changes have been made, we must discern whether the *scope* of the claims are
2 identical, not merely whether different words are used." *Laitram Corp. v. NEC Corp.*,
3 163 F.3d 1342, 1346 (Fed. Cir. 1998) (emphasis in original). The determination of
4 whether the reexamined claims remain identical in scope is a question of law. *Id.* at 1347.

The parties have not identified whether claim 10 of the '925 patent has previously been construed. Yet, Defendants argue that "the reexamination amendment added a new limitation for the express purpose of changing the claim scope to secure its allowance in amended, narrower form." Dkt. 101 at 8. The Court usually engages in claim construction at a separate hearing commonly referred to as a "Markman" hearing. As such, Defendants' request that the Court not only construe the original claim but also construe the amended claim and then compare those constructions to determine whether there has been a narrowing amendment is premature. Defendants have provided no explanation for how the Court should consider the amendment an "additional limitation" when the Court neither has knowledge of the original limitations, nor has engaged in the construction of claim 10 to determine, as a matter of law, its original limitations.

Therefore, the Court denies Defendants' request for a ruling that they were entitled to sell the Drain Web product free of infringement prior to the date of the reexamination certificate because Defendants have failed to show that they are entitled to judgment as a matter of law.

## C. Breach of Contract

As an initial matter, Defendants provide scant authority for their request to dismiss Plaintiffs' breach of contract claims. *See* Dkts. 87 at 12-13 and 101 at 9-10. Defendants' request seems to be inseparable from a favorable ruling on the patent issue above. In fact, Defendants fail to set forth whether the requests are mutually exclusive and alternative forms of relief. The Court, however, will briefly address Defendants' request.

Defendants argue that they did not infringe "Valid Claims" of Plaintiffs' '925 Patent as agreed to in the Settlement Agreement. Dkt. 87 at 12. Defendants argue that

the patent examiner's action declared that original claims 10 and 11 were unpatentable based on prior art. Dkt. 87 at 12. Because those original claims were unpatentable, Defendants argue that they were not infringing "Valid Claims" of Plaintiffs' '925 patent. *Id*. Plaintiffs counter that the claims were valid until they "*have been* held" to be unpatentable. Dkt. 99 at 12. Defendants contend that Plaintiffs' proposed reading of the Settlement Agreement is unreasonable. Dkt. 101 at 9.

What is evidenced by these arguments is that the Court will be asked to engage in contract interpretation. Defendants have failed to show that the Court should engage in such an interpretation before the record has been fully developed. It may well be that there is no ambiguity in the language of the Settlement Agreement, but Defendants have failed to show that a preliminary summary judgment motion is the proper procedural vehicle that should be used to reach that conclusion.

Therefore, the Court denies Defendants' request for a ruling that MetroChem did not breach the Settlement Agreement because Defendants have failed to show that they are entitled to summary judgment as a matter of law.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 87) is **DENIED without prejudice**.

DATED this 5th day of September, 2008.

                                                                   BENJAMIN H. SETTLE
                                                                   United States District Judge