# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ATLANTIC CONSTRUCTION
FABRICS, INC., et al.,

    Plaintiffs,

    v.

METROCHEM, INC., et al.,

    Defendants.

CASE NO. C03-5645BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 87). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

    Plaintiffs initiated this action in the United States District Court for the Western District of Virginia, Harrisonburg Division, for patent infringement and breach of a prior settlement agreement. Dkt. 84. On November 17, 2003, the action was transferred to this district and subsequently assigned to the Honorable Franklin D. Burgess. Dkt. 26. On August 1, 2007, the action was reassigned to the undersigned. Dkt. 82.

    On December 18, 2003, Plaintiffs Atlantic Construction Fabrics, Inc. and George E. Logue, Jr. filed an Amended Complaint alleging patent infringement and breach of

ORDER - 1

1 contract against Defendants MetroChem, Inc., Spider Environmental, Inc., Roni R.

2 Sasaki, and Derek A. Sasaki. Dkt. 38 ("Amended Complaint").

3 On September 16, 2004, Judge Burgess held a claim interpretation hearing and, on

4 September 21, 2004, issued an order construing disputed terms in claims 10 and 11 of

5 Plaintiff's U.S. Patent No. 5,575,925 (the "'925 Patent"). Dkt. 60. On April 14, 2005,

6 the Court issued an Order For Stay of Proceedings Pending Resolution of Reexamination

7 of the '925 Patent in the U.S. Patent and Trademark Office. Dkt. 64.

8 On July 17, 2008, Plaintiff Atlantic Construction moved the Court to lift the stay

9 and enter an amended scheduling order because Plaintiffs claimed that the U.S. Patent

10 and Trademark Office would soon issue a reexamination certificate for the '925 Patent.

11 Dkt. 84. On August 14, 2008, the Court granted Plaintiff's motion and lifted the stay. On

12 August 26, 2008, the patent office issued the reexamination certificate. *See* Dkt. 101 at

13 14-15 ("Reexamination Certificate").

14 On July 28, 2008, Defendants filed a Motion for Summary Judgment. Dkt. 87. On

15 August 25, 2008, Plaintiffs responded. Dkt. 99. On August 29, 2008, Defendants replied.

16 Dkt. 101.

## II. FACTUAL BACKGROUND

18 In 1999, Plaintiffs filed an action against Defendant MetroChem alleging that

19 Defendant's product, the Drain Diaper, infringed Plaintiffs' '925 Patent. Amended

20 Complaint, ¶ 11. The parties ended that proceeding by entering into a settlement

21 agreement. Dkt. 89, Declaration of Matthew C. Phillips ("Phillips Decl."), Exh. G. The

22 agreement provides, in relevant part, as follows:

> [MetroChem] will not hereafter for the life of the ['925 Patent], manufacture, use, or sell any product covered by one or more of the valid claims of the Patent. "Valid Claims," as used herein, means all claims of the Patent except those which have been held, in a final order from which no appeal is available or timely taken, (a) by the United States Patent & Trademark Office to be unpatentable or (b) by a court of competent jurisdiction to be invalid or unenforceable.

27 *Id.* ¶ 3(A).

28

ORDER - 2

1    In the present action, Plaintiffs allege that Defendants' product, the Drain Web,
2 infringes claims 10 and 11 of Plaintiffs' '925 Patent. Amended Complaint, ¶¶ 21-22.
3 Plaintiffs claim that Defendants sought reexamination of the '925 patent based on prior
4 art. *See* Dkt. 99 at 3. The patent office granted an ex parte reexamination. *See* Phillips
5 Decl., Exh. A.

6    On October 2, 2007, the patent examiner issued an office action that rejected
7 claims 10 and 11 of the '925 patent. *Id*. at 3-11. These claims were rejected under 35
8 U.S.C. § 102 in light of prior art that anticipated Plaintiffs' claimed subject matter. *Id*. at
9 7-9. The patent examiner cited as prior art numerous construction plans that were made
10 publically available by the City of Redmond, Washington ("Prior Art"). *Id*.

11    On November 1, 2007, Plaintiffs responded to the office action. *See* Phillips Decl.,
12 Exh. B. In that response, Plaintiffs did not amend claims 10 or 11. *Id*. Instead, Plaintiff
13 argued that "even though [in the Prior Art] there is a small sag in the sheet fabric
14 underneath the grate, it is not sufficient to be considered to be a 'bag' within the meaning
15 of claim 10." *Id*. at 8. Plaintiffs concluded that "[t]he difference between the invention
16 of the '925 patent, which has a bag with substantial capacity, compared with the sheet
17 fabric stretched beneath a grating (as in the [Prior Art]) is clear." *Id*. at 16.

18    On February 11, 2008, the patent examiner issued a final office action for the
19 reexamination proceeding. *See* Phillips Decl., Exh. C. In that action, the patent examiner
20 rejected Plaintiffs' contentions that the claims should not be rejected in light of the Prior
21 Art. *Id*. at 6-8.

22    On March 12, 2008, Plaintiffs requested an amendment to claim 10 of the '925
23 patent. *See* Phillips Decl., Exh D. Plaintiffs proposed amending claim 10 by including
24 the phrase "preforming the filter bag by joining sidewall portions together." *Id*. Plaintiffs
25 argued as follows:

> Claim 10, as amended, is patentably distinct from the prior art
> applied against claim 10. As noted above, the [Prior Art] illustrates a sheet
> of fabric stretched beneath a grating, positioned in a catch basin. Although

the sheet of fabric may have a slight sag in it, it does not have a filter bag which is preformed "by joining sidewall portions together."

*Id*. at 10.

The patent examiner granted Plaintiffs' amendment and claim 10 currently provides as follows:

> 10. A method of installing a catch basin filter in a catch basin, the catch basin comprising:
> an inlet through which water and solids flow into the catch basin, an outlet through which water flows out of the catch basin, wherein the inlet is positioned above the outlet, and a plurality of basin sidewalls, each sidewall having an upper end at the inlet and a recess located at the upper end, the sidewalls defining a chamber, the grate located on the top of the basin inlet and having grate sides positioned in the recesses, and the filter comprising:
> a filter bag having an open top, a closed bottom and one or more sidewalls extending between the top and the bottom of the bag; and
> a flap joining the top of each sidewall, said method comprising the steps of:
> *preforming the filter bag by joining sidewall portions together*;
> placing the filter bag in the catch basin so that each of the bag sidewalls are adjacent to the catch basin sidewalls and the filter bag open top is positioned above the filter bag closed bottom;
> placing each of the filter bag flaps into the recess of the upper end of the catch basin; and
> sandwiching each of the filter bag flaps between the top of the basin and the grate sides, thereby holding the bag in place.

Reexamination Certificate, col. 1, ln. 24 to col. 2, ln. 25 (emphasis in original and indicates reexamination amendment). The parties dispute the reason for and consequences of that amendment. *See* Dkts. 87 at 4-5 and 99 at 3-5.

### III. DISCUSSION

Defendants request that the Court grant summary judgment as follows:

> (1) That none of Defendants' activities before the date of the reexamination certificate have or will infringe the '925 Patent;
> (2) That Defendants have absolute intervening rights to sell all Drain Web products in inventory as of the date of the reexamination certificate, free of any liability whatsoever to Plaintiffs;
> (3) MetroChem did not breach the Settlement Agreement; and
> (4) That all Plaintiffs' claims are dismissed with prejudice.

Dkt. 87 at 13.

ORDER - 4

## A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiffs' Patent Rights**

35 U.S.C. § 307 provides, in part, as follows:

> Any proposed amended or new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 of this title for reissued patents on the right of any person who made, purchased, or used within the United States, or imported into the United States, anything patented by such proposed amended or new claim, or who made substantial preparation for the same, prior to issuance of a certificate under the provisions of subsection (a) of this section.

35 U.S.C. § 307(b). Section 252 provides as follows:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are *substantially identical*, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are *substantially identical* with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

35 U.S.C. § 252 (emphasis added).

"The effect of a reexamined patent during the period before issuance of the reexamination certificate is governed by 35 U.S.C. § 307(b), which provides that the rules established in § 252 for reissued patents shall apply to reexamined patents." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Moreover, "the making of substantive changes in the claims is treated as an irrebuttable presumption that the original claims were materially flawed. Thus the statute relieves those who may have infringed the original claims from liability during the period before the claims are validated." *Id*.

Plaintiffs have alleged that Defendants have infringed claims 10 and 11 of their '925 Patent. Because claim 11 is dependant upon claim 10, the only amendment in question is the addition to claim 10 of the phrase "preforming the filter bag by joining sidewall portions together." The parties dispute whether this amendment was a substantive change altering the scope of the asserted claim. "[I]n determining whether

substantive changes have been made, we must discern whether the *scope* of the claims are identical, not merely whether different words are used." *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) (emphasis in original). The determination of whether the reexamined claims remain identical in scope is a question of law. *Id.* at 1347.

Defendants argue that "the reexamination amendment added a new limitation for the express purpose of changing the claim scope to secure its allowance in amended, narrower form." Dkt. 101 at 8. The fact that the patent examiner rejected the original claims in light of prior art is compelling evidence in support of that position. It would seem that the Prior Art must have been within the scope of original claim 10 of the '925 patent and, therefore, that claim was invalid as originally drafted. The claim was then amended and overcame the final office action rejecting claim 10 in light of the Prior Art.

Plaintiffs counter that "the amendment simply clarified the claims to explain the meaning of 'filter bag' and expressly identify [sic] a necessary step without changing the scope of the claims." Dkt. 99 at 10. Plaintiff cites two cases in support of its position: *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413 (Fed. Cir. 1989) and *Key Manufacturing Group v. Microdot, Inc.*, 679 F. Supp. 648 (E.D. Mich. 1987), *aff'd in relevant part, vacated on other ground,* 854 F.2d 1328 (Fed. Cir. 1988) (unpublished table decision). In *Tennant*, the patent holder amended the original claim by adding the word "bottom" to the claim. *Tennant*, 878 F.2d at 1417. The court stated that:

> The addition of the word "bottom" does not substantively change the scope of original claim 2, *but merely makes the claim more definite.* The '070 specification makes numerous references to a movable bottom wall. . . . Moreover, original claim 1 provides for "a movable first wall section" and "a second bottom wall section." Because a second cannot exist without a first, common sense dictates that the claimed first wall section is also a bottom wall section.

*Id.* (emphasis added).

In *Microdot*, the district court held that "[t]he additional language of the amendment does not call for anything new, but rather details what is already contemplated by the claims." *Microdot*, 679 F. Supp. at 663. The Federal Circuit

ORDER - 7

"agree[d] and [saw] no reason to disturb [the district court's] judgment on this issue." 854 F.2d 1328.

In this case, Plaintiffs claim that "[t]he amendment made explicit a step that was already implicitly present in which the patent specification and drawings show [that it] necessarily had to be preformed in order to make the filter bag specified in the original claim." Dkt. 100, Declaration of H. Van Smith ("Smith Decl."), ¶ 6. Plaintiffs point out that the '925 patent specification provides the basis for the amendment as follows:

> Filter bag **28** includes four tapered sidewalls **38** each located adjacent one wall of basin **12**. The sidewalls are sewn together to form the closed filter bag . . . .

*Id*. (citing '925 patent, col. 2, lns. 36-38) (emphasis in '925 patent). The patent examiner, however, did not reject the amendment in which Plaintiffs allege to have support in the specification. The patent examiner rejected the claim in light of Prior Art that disclosed a "filter bag having an open top, closed bottom, side walls . . . ." Phillips Decl., Exh. A at 6. The Court is unaware of any evidence showing that the Prior Art disclosed a filter bag with sidewalls that were "sewn" or "joined" together. Thus, when Plaintiffs amended claim 10 to include the limitation "preforming the filter bag by joining sidewall portions together," they made a substantive change to the scope of claim 10. In other words, this amendment was not a clarifying amendment; it was a scope limiting amendment in that it added a limitation to the filter bag element of the claim.

Plaintiffs' final argument is that "there is a genuine issue of material fact whether the [Prior Art] cited by the USPTO satisfy the *Ruth* test for determining whether two claims have different scope." Dkt. 99 at 9 (referring to *In re Ruth*, 278 F.2d 729 (C.C.P.A. 1960)). In *Ruth*, the court concluded that "[a] claim of a reissue enlarges the scope of the claims of the patent if it is broader than such claims in any respect . . . [or] if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." 278 F.2d 730. Plaintiffs argue that infringement is a question of fact and, therefore, applying this test raises questions of fact. Dkt. 99 at 9.

Plaintiffs' arguments are unavailing. *See Laitram*, 163 F.3d at 1347 ("determination of whether the reexamined claims remain identical in scope is a question of law").

Therefore, the Court grants Defendants' motion for summary judgment on non-infringement before the date of the reexamination certificate because, during reexamination, Plaintiffs substantively altered the scope of claim 10 of the '925 patent. This ruling does not resolve the issue of whether Defendants are currently infringing Plaintiffs' '925 patent.

Defendants argue that:

> neither the patent claims nor the accused product on which Plaintiffs' entire case is based continues to exist. If after investigating the new product that Defendants manufacture after the issuance date of the reexamination certificate, and analyzing it against the **different** claims of the reexamined '925 patent, Plaintiffs decide that product infringes **those** claims, Plaintiffs can file a new action against Defendants. **This case**, however, is over.

Dkt. 101 at 4 (emphasis in original). Plaintiffs, however, have alleged that:

> Defendants are making, using, selling, and/or offering for sale at least one product that, when used for its intended purpose and as instructed, infringes one or more claims of the ['925] Patent directly, contributorily or by inducement.

Amended Complaint, ¶ 40.

Although Defendants seek to limit this case to "original claims 10 and 11 and the Drain Web" product, Plaintiffs' allegations sufficiently cover the '925 Patent as well as other products. *See id*. ¶ 8 ("one or more claims of the patent") and ¶ 22 ("at least Claims 10 and 11 of the ['925] Patent"). Therefore, Defendants have failed to show, at this point, that Plaintiffs' claim for patent infringement should be dismissed in its entirety.

**C. Intervening Rights**

Defendants move the Court for an order that Defendants "have absolute intervening rights to sell all Drain Web products in inventory as of the date of the reexamination certificate, free of any liability whatsoever to Plaintiffs." Dkt. 87 at 13.

Plaintiffs have failed to respond to this request. *See* Dkt. 99. Failure to respond to a motion may be considered as an admission that the motion has merit. Local Rule 7(b)(2).

The patent law, 35 U.S.C. § 252, provides for intervening rights of a manufacturer who does not infringe a valid claim of the reissued patent which was in the original patent. In other words, a person may use, offer, or sell a product that was made before the reexamination certificate issues so long as this activity does not infringe a claim of the reissue patent that was in the original patent. *BIC Leisure Products, Inc. v. Windsurfing Intern., Inc.*, 1 F.3d 1214, 1220-21. The Court concludes that Plaintiffs have substantively altered the scope of claim 10 by amending that claim during the reexamination proceeding. Therefore, Defendants' motion for intervening rights is granted because the amended claim 10 was not in the original '925 patent.

**D.    Breach of Contract**

As an initial matter, Defendants provide scant authority for their request to dismiss Plaintiffs' breach of contract claims. *See* Dkts. 87 at 12-13 and 101 at 9-10. Defendants, however, claim that they did not infringe "Valid Claims" of Plaintiffs' '925 Patent as agreed to in the Settlement Agreement because the patent examiner's final action declared that original claims 10 and 11 were unpatentable based on prior art. Dkt. 87 at 12. Because those original claims were unpatentable, Defendants argue that they were not infringing "Valid Claims" of Plaintiffs' '925 patent. *Id*. Plaintiffs counter that the claims were valid until they "*have been* held" to be unpatentable. Dkt. 99 at 12. Defendants contend that Plaintiffs' proposed reading of the Settlement Agreement is unreasonable. Dkt. 101 at 9.

What is evidenced by these arguments is that the Court will be asked to engage in contract interpretation. Defendants have failed to show that the Court should engage in such an interpretation before the record has been fully developed. It may well be that there is no ambiguity in the language of the Settlement Agreement, but Defendants have failed to show that a preliminary summary judgment motion is the proper procedural

vehicle that should be used to reach that conclusion. The reexamination proceeding altered aspects of this case and Plaintiffs are entitled to discovery on the remaining contract issue.

Therefore, the Court denies, without prejudice, Defendants' request for a ruling that MetroChem did not breach the Settlement Agreement because Defendants have failed to show that they are entitled to summary judgment as a matter of law.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 87) is **GRANTED in part** and **DENIED, without prejudice**, **in part** as follows:

(1) Defendants' request that none of its activities before the date of the reexamination certificate have or will infringe the '925 Patent is **GRANTED**;

(2) Defendants' request for absolute intervening rights to sell products in inventory as of the date of the reexamination is **GRANTED**;

(3) Defendants' request that MetroChem did not breach the Settlement Agreement is **DENIED**; and

(4) Defendants' request that all Plaintiffs' claims be dismissed with prejudice is **DENIED**.

DATED this 24th day of September, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge